IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. |
| Plaintiff, ) ) | |
| v. ) ) | **COMPLAINT** |
| GREEN CHEVROLET, INC., ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or retaliation and under Title I and Title V of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Keith Douglas.  As alleged with greater particularity in paragraphs 11 through 14 below, in or around February and March of 2013, Defendant subjected Douglas to an involuntary transfer due to his disability or perceived disability, and terminated him when he expressed opposition to this transfer.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title

1

VII"), Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

4. At all relevant times, Defendant, Green Chevrolet, Inc., (the "Employer" or "Defendant"), a Delaware corporation, has continuously been doing business in the State of Illinois and the City of Peoria, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Keith Douglas filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant.

7. On April 15, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII of the Civil Rights Act and Titles I and V of the ADA were violated and inviting Defendant to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

9.      On August 26, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Since at least February 2013, Defendant has engaged in unlawful employment practices at its dealership in Peoria, Illinois, in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2 and Section 102 of Title I of the ADA, 42 U.S.C. § 12112 and Section 503 of Title V of the ADA, 42 U.S.C. § 12203.

12.     In February and March 2013, Defendant subjected Douglas to an adverse employment action, an involuntary transfer due to his disability or perceived disability, which he reasonably believed would lead to a decrease in salary and possible termination.  Douglas reasonably believed the transfer was on account of his disability and/or race.

13.     In and around March 2013, Douglas opposed Defendant's attempt to unlawfully transfer him to a new position by telling Defendant that his health did not prevent him from remaining in his old position, by attempting to place conditions on the transfer, by indicating he did not want to be transferred, by telling Defendant's managers that he would not accept the transfer, and by asking Defendant's managers why they did not place a white employee in the position.

14. Defendant's managers understood that Douglas was opposing his unlawful transfer and accused him of "playing the race card," and admit that his asking why they had not put a white employee in the position played a part in his separation from Green Chevrolet. Douglas was fired from Green Chevrolet in retaliation for his opposition to Defendant's unlawful employment practices.

15. The effect of the practices complained of in paragraphs 11 through 14 above has been to deprive Douglas of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, disability and opposition to unlawful employment practices.

16. The unlawful employment practices complained of in paragraphs 11 through 14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 11 through 14 above were done with malice or with reckless indifference to the federally protected rights of Douglas.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of race or disability and from retaliating against employees who have opposed unlawful employment practices.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Keith Douglas by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Douglas or back pay in lieu of reinstatement if the Court determines that reinstatement would not be possible under the circumstances.

D.   Order Defendant to make whole Keith Douglas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 14 above, including any fees or interest charges accrued due to his loss of income, or medical bills due to his loss of insurance coverage, in amounts to be determined at trial.

E.   Order Defendant to make whole Keith Douglas by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11 through 14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Keith Douglas punitive damages for its malicious and reckless conduct, as described in paragraphs 11 through 14 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

David P. Lopez  
General Counsel

Gwendolyn Reams  
Associate General Counsel

John Hendrickson  
Regional Attorney

Gregory Gochanour  
Supervisory Trial Attorney

s/ Ethan M. M. Cohen  
Ethan M. M. Cohen  
Trial Attorney

Deborah L. Hamilton  
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office

Ethan M. M. Cohen  
Trial Attorney  
ARDC# 6206781  
United States Equal Employment  
 Opportunity Commission  
500 W. Madison, Room 2000  
Chicago, IL 60661  
ethan.cohen@eeoc.gov  
(312) 869-8104